UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

RICARDO CARMICHAELL,          )
                              )
                Plaintiff,    )
                              )
        v.                    )          No. 4:05-CV-1069-DJS
                              )
STATE OF MISSOURI,            )
                              )
                Defendant.    )


**<u>ORDER AND MEMORANDUM</u>**


        This matter is before the Court upon the application of
Ricardo Carmichaell for leave to commence this action without
payment of the required filing fee. <u>See</u> 28 U.S.C. § 1915(a). Upon
consideration of the financial information provided with the
application, the Court finds that the applicant is financially
unable to pay any portion of the filing fee. Therefore, plaintiff
will be granted leave to proceed in forma pauperis pursuant to 28
U.S.C. § 1915(a).

**28 U.S.C. § 1915(e)**

        Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may
dismiss a complaint filed in forma pauperis at any time if the
action is frivolous, malicious, fails to state a claim upon which
relief can be granted, or seeks monetary relief against a defendant
who is immune from such relief. An action is frivolous if "it
lacks an arguable basis either in law or in fact." <u>Neitzke v.
Williams</u>, 490 U.S. 319, 325 (1989). An action fails to state a

claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957); <u>Jackson Sawmill Co. v. United States</u>, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. <u>Denton v. Hernandez</u>, 112 S. Ct. 1728, 1733 (1992); <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974).

### The complaint

Plaintiff seeks monetary and injunctive relief in this 42 U.S.C. § 1983 action against defendant State of Missouri.

At the outset, the Court finds that the instant action is legally frivolous, because the State of Missouri is not a "person" under § 1983. <u>See</u> <u>Will v. Michigan Dept. of State Police</u>, 491 U.S. 58, 63 (1989). Moreover, although a pro se complaint is to be liberally construed, the complaint must nevertheless contain a short and plain summary of facts sufficient to give fair notice of the claim asserted. <u>Means v. Wilson</u>, 522 F.2d 833, 840 (8th Cir. 1975). The Court will not supply additional facts or construct a legal theory for plaintiff that assumes facts that have not been

pleaded. Having carefully reviewed the complaint, the Court concludes that plaintiff has failed to state sufficient facts to give fair notice of the claim asserted. The allegations are not short and plain, and even affording the complaint a liberal construction, the Court is unable to ascertain the nature of plaintiff's claims. For these reasons, the complaint will be dismissed, without prejudice.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #1] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's remaining motions [Docs. #5, #6, #7, #8, #10, #11, #12, #13, #15, #16, #17, and #18] are **DENIED**, as moot.

An appropriate order shall accompany this order and memorandum.

Dated this __11th__ day of August, 2005.


   _/s/Stephen N. Limbaugh_____
   UNITED STATES DISTRICT JUDGE

3